Carly Roman (SBN 349895)
Andrew Gerald Gunem (SBN 354042)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com
agunem@straussborrelli.com
*Attorneys for Plaintiffs Peter Brigando, Jr. and Patricia Sims*

Thiago M. Coelho (SBN 324715)
Brian Ellsworth (SBN 326756)
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
thiago@wilshirelawfirm.com
brian.ellsworth@wilshirelawfirm.com
*Attorneys for Plaintiff Mark Allen Hunter*

*[Additional counsel listed in signature block.]*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

PETER BRIGANDO, JR. and PATRICIA SIMS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DEXCOM, INC.,

Defendant.

Case No. 3:26-cv-05668-BJC-AHG

**PLAINTIFFS' NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND AN EXECUTIVE COMMITTEE**

Hon. Benjamin J. Cheeks
Courtroom 3A
Motion Date: November 20, 2026

NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT

| | |
|---|---|
| RICHARD LOVELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05699-RSH-SBC |
| MARK ALLEN HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05727-AJB-MMP |
| YURIY LOGINOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05841-BAS-DEB |

| | |
|---|---|
| LEE SPRUELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05843-RSH-AHG |
| AMANDA SLEPR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05844-TWR-DEB |
| DONOVAN HART, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05851-BAS-VET |

| | |
|---|---|
| CAITLIN HUTCHISON, SOPHIA DASHAB, and TRACY GOLDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05878-JO-AHG |
| NIKIA RIGNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05888-BAS-SBC |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2026, Plaintiffs Peter Brigando, Jr., Patricia Sims, Richard Lovell, Mark Allen Hunter, Yuriy Loginov, Amanda Slepr, Lee Spruell, Donovan Hart, and Nikia Rigney (collectively, "Moving Plaintiffs") will move before the Honorable Benjamin J. Cheeks for an order under Federal Rules of Civil Procedure 42(a) and 23(g)(3):

(1) consolidating for pretrial proceedings *Brigando*, *Lovell*, *Hunter*, *Loginov*, *Spruell, Slepr, Hart, Hutchison, and Rigney v. Dexcom, Inc.*, identified in Section III of the accompanying memorandum, under the *Brigando* docket;

(2) appointing Thiago M. Coelho, Carly M. Roman, Tyler A. Litke, and John J. Nelson as Interim Co-Lead Class Counsel;

(3) appointing Scott Edelsberg, M. Anderson Berry, Eric Lechtzin, and Kristen Lake Cardoso of Kopelowitz Ostrow P.A. to an Executive Committee operating under Co-Lead Counsel's direction; and

(4) adopting the consolidated-pleading schedule and related provisions set forth in the proposed order.

This amended motion is based on this notice, the accompanying memorandum, the firm résumés submitted as Exhibits A–H, the records of the Related Actions, and any further materials properly before the Court. No oral argument will occur unless ordered by the Court.

Date: October 30, 2026

**STRAUSS BORRELLI PLLC**

By: <u>*/s/ Carly Roman*</u>
Carly Roman (SBN 349895)
Andrew Gerald Gunem (SBN 354042)
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com
agunem@straussborrelli.com

*Attorneys for Plaintiffs Peter Brigando, Jr. and Patricia Sims*

**WILSHIRE LAW FIRM, PLC**

By: <u>*/s/ Thiago M. Coelho*</u>
Thiago M. Coelho (SBN 324715)
Brian Ellsworth (SBN 326756)
660 S. Figueroa St., Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
ThiagoCoelhosTeam@wilshirelawfirm.com
brian.ellsworth@wilshirelawfirm.com

*Attorneys for Plaintiff Mark Allen Hunter*

**LEVI & KORSINSKY, LLP**

By: <u>*/s/ Jason M. Ingber*</u>
Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010
Telephone: (213) 805-8373
jingber@zlk.com

*Attorney for Plaintiff Richard Lovell*

**EDELSBERG LAW, P.A.**

By: <u>*/s/ Scott Edelsberg*</u>
Scott Edelsberg (SBN 330990)
1925 Century Park E, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorney for Plaintiff Yuriy Loginov*

**KOPELOWITZ OSTROW P.A.**

By: <u>*/s/ Kristen Lake Cardoso*</u>
Kristen Lake Cardoso (SBN 338762)
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
cardoso@kolawyers.com

*Attorney for Plaintiff Amanda Slepr*

**EMERY | REDDY, PC**

By: <u>*/s/ M. Anderson Berry*</u>
M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Jackson Stephens (SBN 363446)
333 University Ave, Suite 200
Sacramento, California 95825
Telephone: (916) 823-6955
Facsimile: (206) 441-9711
anderson@emeryreddy.com
gregory@emeryreddy.com
jackson@emeryreddy.com

*Attorneys for Plaintiff Donovan Hart*

**EDELSON LECHTZIN LLP**

By: */s/ Eric Lechtzin*
Eric Lechtzin (SBN 248958)
411 S. State Street, Suite N-300
Newtown, Pennsylvania 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

*Attorney for Plaintiff Nikia Rigney*

**MILBERG PLLC**

By: */s/ John J. Nelson*
John J. Nelson (SBN 317598)
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, California 90212
Telephone: (858) 209-6941
jnelson@milberg.com

*Attorney for Plaintiff Lee Spruell*

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. PRELIMINARY STATEMENT ........ 1

III. PROCEDURAL HISTORY ........ 3

IV. LEGAL ARGUMENT ........ 4

A. The Court Should Consolidate the Related Actions ........ 5

i. The Related Actions Are Pending in the Same Court ........ 5

ii. The Related Actions Share Common Parties ........ 5

iii. The Related Actions Share Common Facts and Law ........ 6

iv. The Related Actions Should Be Consolidated to Reduce Costs and Delay ........ 6

B. The Court Should Appoint Interim Co-Lead Class Counsel and an Executive Committee ........ 7

i. Proposed Interim Co-Lead Class Counsel Have Performed Work Investigating This Action ........ 9

ii. Mr. Coelho Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel ........ 9

iii. Ms. Roman Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel ........ 12

iv. Mr. Litke Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel ........ 14

v. Mr. Nelson Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel ........ 15

vi. The Proposed Executive Committee Will Assist Interim Co-Lead Class Counsel ........ 17

vii. Resources That Proposed Interim Counsel Have and Will Commit to Representing the Classes Support Their Appointment......................................23

V. CONCLUSION..........................................................................................24

# TABLE OF AUTHORITIES

## Cases


Banda v. Integrated Specialty Coverages, LLC, No. 3:25-cv-01741-JO-DDL, ECF No. 10 (S.D. Cal. Sept. 5, 2025) .......... 6, 16, 17

Bland v. Urology of Greater Atlanta, LLC (Ga.Ct.App. 2025) 377 Ga.App. 177 .......... 10

Bustos v. Riverside Medical Clinic, No. CVRI2203466 (Cal. Super. Ct., Riverside Cnty.) .......... 15

Cheng et al v. Toyota Motor Corporation, et al, No. 1:20-CV-00629 (E.D.N.Y.) .......... 15

Cirillo v. Physicians' Primary Care of Southwest Florida P.L., No. 24-CA-007737 (Lee County, FL) .......... 19

Crosslin v. DAP Health, Inc., No. CVRI2500186 (Riverside County, CA) .......... 19

Crowe v. Managed Care of N. Am., Inc., No. 23-cv-61065 (S.D. Fla.) .......... 20

Davenport et al. v. LA Financial Federal Credit Union, No. 24STCV24021(Cal. Sup. Ct., Los Angeles Cty) .......... 13

Doe v. Highmark, Inc., No. 2:23cv-00250-NR (W.D. Pa.) .......... 20

Douglas v. Innovative Scientific Solutions LLC, No. 6:26-cv-01815-TMC, ECF No. 14 (D.S.C. June 2, 2026) .......... 14

Ezell v. Valley Radiology Consultants Medical Group, Inc., No. 26CU012141C (Cal. Sup. Ct., San Diego Cty.) .......... 13

Fongaro et al. v. JRK Property Holdings, Inc., No. 2:26-cv-04213 (C.D. Cal.) .......... 13

Fortra File Transfer Software Data Sec. Breach Litig., No. 24-md-3090 (S.D. Fla.) 20

Franchi v. Barlow Respiratory Hospital, No. 22STCV09016 (Cal. Super. Ct., Los Angeles Cnty.) .......... 15

Freeman, et al. v. 3Commas Technologies OÜ (9th Cir. Mar. 2, 2026, No. 24-6158) .......... 10

Glaze v. Ottno Inc. d/b/a National Auto Loan Network, Inc., No. 8:26-cv-00273 (C.D. Cal.)....................13
Gursey v. Southern California Edison Co., Lead Case No. 25STCV00731 (Super. Ct. Cal. Los Angeles Cnty.)....................11
Hartley v. Cloudinary, Inc. et al., No. 3:26-cv-03202-VC (N.D. Cal.)....................19
Hastings et al. v. Mirage Endoscopy Center, LLC, No. CVRI2604182 (Cal. Sup. Ct., Riverside Cty.)....................13
Head v. Regal Medical Group, Inc., Case No. 23STCV02939 (Super. Ct. Cal. Los Angeles Cnty.)....................10
In Re 1LIFE Healthcare, Case No. 3:26-cv-06142-RFL (N.D. Cal.)....................11
In re American Association of Critical Care Nurses Breach Litig., No. 8:25-cv-02027 (C.D. Cal.)....................19
In re Apple Inc. Device Performance Litigation, No. 5:18-md-02827-EJD (N.D. Cal.)....................14
In re Avis Rent A Car System, LLC Security Incident Litigation, No. 2:24-cv-09243-JXN (D.N.J.)....................17
In re Cardiology Associates Data Breach Litigation, No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025)....................16
In re CertainTeed Corp. Roofing Shingle Product Litigation, MDL No. 1817 (E.D. Pa.)....................18
In re Checking Acct. Overdraft Litig., No. 1:09-MD-02036-JLK (S.D. Fla.)....................20
In re Citrix Data Breach Litigation, No. 19-cv-61350-RKA-PMH (S.D. Fla.)....................14
In re City of Hope Data Security Breach Litigation, No. 24STCV09935 (Cal. Sup. Ct. for Los Angeles Cty.)....................15
In re Community Clinic of Maui Data Breach Litigation, No. 1:24-cv-00431 (D. HI)....................15
In re Diana Health Data Breach Litigation, No. 1:26-cv-07535-LJL, ECF No. 12 ¶ 4 (S.D.N.Y. Sept. 29, 2026)....................14

In re Disposable Contact Lens Antitrust Litig., No. 3:15-md-2626-HES-JRK (M.D. Fla.) ....................20
In re HCA Healthcare Data Security Litigation, No. 3:23-cv-00684 (M.D. Tenn.) ..20
In re HP Inkjet Printer Litigation, No. C-05-3580-JF (N.D. Cal.) ....................18
In re Ingram Micro Data Breach Litig., 2:25-cv-06301 (C.D. Cal.) ....................13
In re Juul Labs, No. 19-md-2913 (N.D. Cal.)....................21
In re KYL Data Security Litigation, No. 2:24-cv-10406-MEMF-JC (C.D. Cal.)......19
In re MOVEit Customer Data Sec. Breach, No. 1:23-md-03083 (D. Mass.)............11
In re NYC Health + Hospitals Data Breach Litigation, Case No. 1:26-cv-04265-DEH-OTW (S.D.N.Y.) ....................11
In re PayPal Honey Browser Extension Litig., No. 5:24-cv-09470-BLF, ECF No. 131 at 2–3 (N.D. Cal. Mar. 25, 2025)....................8
In re PowerSchool Holdings, Inc. and PowerSchool Group, LLC, Customer Data Security Breach Litigation, No. 25-md-3149-BEN-MSB (S.D. Cal.)........15, 17, 19
In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litigation, No. 2:24-cv-00789 (D. Ariz.) ....................16
In re Sequoia Benefits and Insurance Data Breach Litigation, No. 3:22-cv-08217-RFL (N.D. Cal.) ....................17
In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.) ..15
In re Stanley Steemer International Data Breach Litigation, No. 2:23-cv-03932 (S.D. Ohio) ....................16
In re The Oncology Institute of Hope and Innovation Patient Safety Organization, LLC, No. 2:24-cv-10819 (C.D. Cal.)....................19
In re Tycon Medical Systems, Inc., Data Security Breach Litigation, No. 2:25-cv-00019 (E.D. Va. 2025)....................16
In re United Education Institute d/b/a UEI College Data Breach Litigation, No. 8:26-cv-01448 (C.D. Cal.)....................13

In re Zantac (Ranitidine) Prod. Liab. Litig., No. 9:20-md-02924-RLR (S.D. Fla.)...20
In re: National Prescription Opiate Litig., No. 1:17-md-2804 (N.D. Ohio)..............20
In re: Navia Benefit Solutions, Inc. Data Breach Litigation, No. 2:26-cv-00909 (W.D. Wash.) ........................................................................................15
In re: North American Breaker Co. Data Security Litigation, No. 8:25-cv-00402 (C.D. Cal.)...........................................................................................19
In Re: SAG-AFTRA Health Plan Data Security Litigation, No. 2:24-cv-10503 (C.D. Cal.)...............................................................................................15
In Re: USC Student Health Center Litigation, No. 2:18-cv-0425..............................11
Investors Research Co. v. U.S. District Court, 877 F.2d 777 (9th Cir. 1989).............4
Jimenez v. OE Federal Credit Union, No. 4:24-cv-02746 (N.D. Cal.) ......................17
Keller v. System Pavers, No. 30-2025-01477814-CU-BT-CXC (Cal. Sup. Ct., Orange Cty.).................................................................................13
Kholyusev v. Welfare & Pension Administration Service, Inc., No. 22-2-04152 (Wash. Super. Ct.)........................................................................14
Lepore, et al. v. Affiliated Dermatologists & Dermatologic Surgeons, P.A., Case No. MRS-L-001091-24 (Morris County, NJ)..............................................19
Lowrey, et al., v. Community Psychiatry Management, LLC, Case No. 24STCV30135 (Cal. Super. Ct. L.A. Cnty)...........................................10
Machado v. CR&R Incorporated, No. 30-2025-01450762 (Orange County, CA) ....19
Maricle v. South State Bank N.A., No. 2024CA-002530-0000-00 (Polk County, FL) .........................................................................................................19
Mazmanian v. LCPTracker, Inc., No. 8:24-cv-02701-JAK-DFM (C.D. Cal.) ..........19
Mendoza v. Crystal Bay Casino, LLC, Case No. 3:23-cv-00092-MMD-CLB (D. Nev.)..........................................................................................................11
Mier v. CVS Health (9th Cir. July 28, 2023, No. 22-55665), 2023 WL 4837851.....10
Montambeault v. Concord Orthopaedics Professional Association, No. 217-2025-cv-00292 (N.H. 2025) ..............................................................................16

Moore v. Centrelake Medical Grp., 83 Cal.App.5th 515 (2022)................................10
New England Carpenters Health Benefit Fund v. First DataBank, Inc. and McKesson Corp., No. 05-11148 (D. Mass.) ................................................................18
Orrantia et al. v. S.V.D.P. Management, Inc., 25CU049304C (Cal. Sup. Ct., San Diego Cty.)................................................................................13
Owens v. MGM Resorts Int'l, No. 2:23-cv-01480-RFB-MDC, ECF No. 55 at 3–5 (D. Nev. Oct. 21, 2024) ...................................................................8
Peters v. Apple, Inc., (Los Angeles Superior Court) Case No. 19STCV21787.........10
Puller-Soto v. UNITE HERE, No. 1:24-cv-01565 (S.D.N.Y.) ..................................15
Rast v. Fitzgerald Wealth Management, LLC, No. CV2025-024424 (Az. Super. Ct., Maricopa Cty) ..................................................................................13
Rubenstein v. Scripps Health, No. 21-cv-01135-GPC-MSB, 2021 WL 4554569 (S.D. Cal. Oct. 5, 2021)...................................................................7, 21
Sankar v. California Northstate University, LLC, No. 2:24-cv-00473 (E.D. Cal.)...16, 19
Schumacher v. Bank of Hope, Case No. 18STCV02066 (Super. Ct. Cal. Los Angeles Cnty.) ..................................................................................10
Scott v. Salesforce, Inc., No. 3:25-cv-07232-JSC, ECF No. 67 at 1–3 (N.D. Cal. Feb. 11, 2026) ..............................................................................8
Serrano v. Inmediata Corp., Case No. 3:19-cv-01811-JAG (D.P.R.) ........................11
Skurauskis v. NationsBenefits, LLC, No. 2:23-cv-60830 (S.D. Fla.)........................20
Springer v. Johnson and Wales University, No. 1:24-cv-00399 (D.R.I.)..................17
Toth et al. v. Payactiv, Inc., No. CACE26005865 (Broward County, FL) ................19
Tucker v. LGAA, LLC, No. 4:25-cv-00135-TC DBP (D. Utah) ...............................19
Widby v. Last Frontier Healthcare District, Case No.: CU-26-010 (Super. Ct. Cal. Modoc Cnty.) ..........................................................................11

**Statutes**

California Consumer Privacy Act of 2018 .......... 11
California Privacy Rights Act of 2020 .......... 11
California Unfair Competition Law .......... 10

**Rules**

Fed. R. Civ. P. 23 .......... 7
Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment .......... 7
Fed. R. Civ. P. 23(f) .......... 10
Fed. R. Civ. P. 23(g) .......... passim
Fed. R. Civ. P. 42(a) .......... 1, 2, 4
S.D. Cal. CivLR 40.1 .......... 5, 6

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 42(a) and 23(g)(3), Moving Plaintiffs respectfully request that the Court consolidate the nine related cases identified below for pretrial proceedings into *Brigando*, the first-filed action: *Brigando, et al. v. Dexcom, Inc.*, No. 3:26-cv-05668-BJC-AHG ("*Brigando*"); *Lovell v. Dexcom, Inc.*, No. 3:26-cv-05699-RSH-SBC ("*Lovell*"); *Hunter v. Dexcom, Inc.*, No. 3:26-cv-05727-AJB-MMP ("*Hunter*"); *Loginov v. Dexcom, Inc.*, No. 3:26-cv-05841-BAS-DEB ("*Loginov*"); *Spruell v. Dexcom, Inc.*, No. 3:26-cv-05843-RSH-AHG ("*Spruell*"); Slepr *v. Dexcom, Inc.*, No. 3:26-cv-05844-TWR-DEB ("Slepr"); *Hart v. Dexcom, Inc.*, No. 3:26-cv-05851-BAS-VET ("Hart"); *Hutchison, et al. v. Dexcom, Inc.*, No. 3:26-cv-05878-JO-AHG ("Hutchison"); and *Rigney v. Dexcom, Inc.*, No. 3:26-cv-05888-BAS-SBC ("Rigney") (together, the "Related Actions").

Additionally, to ensure that Moving Plaintiffs speak with a unified voice and the litigation is prosecuted efficiently, Moving Plaintiffs respectfully request that the Court appoint Thiago M. Coelho of Wilshire Law Firm, PLC, Carly M. Roman of Strauss Borrelli PLLC, Tyler A. Litke of Levi & Korsinsky, LLP, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel. Moving Plaintiffs also request appointment of Scott Edelsberg of Edelsberg Law, P.A., M. Anderson Berry of Emery | Reddy, PC, Eric Lechtzin of Edelson Lechtzin LLP, and Kristen Lake Cardoso of Kopelowitz Ostrow P.A. to an Executive Committee working under Interim Co-Lead Class Counsel's direction. In support of their Amended Motion, Moving Plaintiffs respectfully submit the following Memorandum.

## II. PRELIMINARY STATEMENT

Nine putative class action lawsuits are pending in the United States District Court for the Southern District of California asserting claims against Defendant Dexcom, Inc. ("Dexcom" or "Defendant") arising from an alleged cyberattack and compromise of Plaintiffs' personal information.

The Related Actions arise out of the same alleged cyberattack against Defendant reported on or around October 1, 2026 (the "Data Breach"), and seek relief on behalf of overlapping proposed classes. Plaintiffs allege that Defendant failed to properly secure and safeguard personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") maintained in connection with Defendant's business. The alleged compromise concerns sensitive identifying, medical, insurance, and financial information. *See, e.g., Spruell*, ECF No. 1 at 2–9. Furthermore, the Related Actions assert overlapping causes of action against Defendant and seek similar remedies and compensation for those allegedly injured and affected by the Data Breach. As such, the Related Actions satisfy the requirements for consolidation under Rule 42(a).

For the benefit of Plaintiffs and the proposed classes, these putative class action lawsuits should be led by Court-appointed Interim Co-Lead Class Counsel, with assistance from the proposed Executive Committee. Mr. Coelho, Ms. Roman, Mr. Litke, and Mr. Nelson are well qualified to represent and protect the interests of the proposed classes under the factors enumerated in Rule 23(g). They have substantial experience prosecuting complex consumer class actions and data-privacy cases. Considering their experience and the work undertaken in these actions, proposed Interim Co-Lead Class Counsel respectfully submit that their appointment to manage this litigation would best serve the interests of the proposed classes.

Counsel for the Moving Plaintiffs have investigated the reported incident and potential claims, reviewed available public information, researched the applicable law, prepared the related complaints, and organized the proposed leadership structure. Counsel have also interviewed their clients concerning their relationship with Dexcom and the effects of the reported incident. Now, in the interests of judicial economy and to allow Plaintiffs to speak in a unified voice, Moving Plaintiffs request that the Court

consolidate the Related Actions and appoint the proposed Interim Co-Lead Class Counsel and Executive Committee pursuant to Rule 23(g)(3).

**III. PROCEDURAL HISTORY**

The Related Actions were filed beginning on October 2, 2026. The actions allege overlapping facts and legal theories and seek to represent overlapping proposed classes of individuals whose Private Information was allegedly compromised. The nine actions, their twelve named plaintiffs, and counsel identified in the available filed complaints or docket listings are as follows:

*Brigando, et al. v. Dexcom, Inc.*, No. 3:26-cv-05668-BJC-AHG, was filed on October 2, 2026. Plaintiffs are Peter Brigando, Jr. and Patricia Sims. Counsel identified in the complaint or docket: Andrew Gerald Gunem and Carly Roman, Strauss Borrelli PLLC. *Brigando*, ECF No. 1 and docket counsel listings.

*Lovell v. Dexcom, Inc.*, No. 3:26-cv-05699-RSH-SBC, was filed on October 5, 2026. Plaintiff is Richard Lovell. Counsel identified in the complaint or docket: Jason M. Ingber and Tyler A. Litke, Levi & Korsinsky, LLP. The complaint identifies Mr. Litke's pro hac vice application as forthcoming. *Lovell*, ECF No. 1 at 1, 27.

*Hunter v. Dexcom, Inc.*, No. 3:26-cv-05727-AJB-MMP, was filed on October 6, 2026. Plaintiff is Mark Allen Hunter. Counsel identified in the complaint or docket: Thiago M. Coelho and Brian Ellsworth, Wilshire Law Firm, PLC. *Hunter*, ECF No. 1 and docket counsel listings.

*Loginov v. Dexcom, Inc.*, No. 3:26-cv-05841-BAS-DEB, was filed on October 13, 2026. Plaintiff is Yuriy Loginov. Counsel identified in the complaint or docket: Scott Edelsberg, Edelsberg Law, P.A. *Loginov*, ECF No. 1 at 1, 47.

*Spruell v. Dexcom, Inc.*, No. 3:26-cv-05843-RSH-AHG, was filed on October 13, 2026. Plaintiff is Lee Spruell. Counsel identified in the complaint or docket: John J. Nelson, Milberg PLLC. *Spruell*, ECF No. 1 at 1, 46.

*Slepr v. Dexcom, Inc.*, No. 3:26-cv-05844-TWR-DEB, was filed on October 13, 2026. Plaintiff is Amanda Slepr. Counsel identified in the complaint or docket: Kristen Lake Cardoso, Kopelowitz Ostrow P.A. *Slepr*, docket and counsel listings.

*Hart v. Dexcom, Inc.*, No. 3:26-cv-05851-BAS-VET, was filed on October 13, 2026. Plaintiff is Donovan Hart. Counsel identified in the complaint: M. Anderson Berry, Gregory Haroutunian, and Jackson Stephens, Emery | Reddy, PC. Hart, ECF No. 1 at 1, 46.

*Hutchison, et al. v. Dexcom, Inc.*, No. 3:26-cv-05878-JO-AHG, was filed on October 14, 2026. Plaintiffs are Caitlin Hutchison, Sophia Dashab, and Tracy Goldman. Counsel identified in the complaint: David D. Bibiyan and Younjin (Jennifer) Lee, Bibiyan Law Group, P.C.; and Bart D. Cohen, Bailey Glasser LLP. The complaint identifies Mr. Cohen's pro hac vice application as forthcoming. Hutchison, ECF No. 1 at 1, 41.

*Rigney v. Dexcom, Inc.*, No. 3:26-cv-05888-BAS-SBC, was filed on October 15, 2026. Plaintiff is Nikia Rigney. Counsel identified in the complaint: Eric Lechtzin, Edelson Lechtzin LLP. Rigney, ECF No. 1 at 1, 41.

The Related Actions were filed between October 2 and October 15, 2026, and are at the initial pleading stage. Counsel for the Moving Plaintiffs discussed consolidation and the proposed leadership structure, prompting this Motion. The nine Moving Plaintiffs in eight of the Related Actions seek consolidation and appointment of the proposed Interim Co-Lead Class Counsel and Executive Committee. The Hutchison plaintiffs have not joined this motion.

## IV. LEGAL ARGUMENT

Consolidation of actions in federal court is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which permits consolidation when actions before the court involve a common question of law or fact. District courts have broad discretion to consolidate cases pending in the same district, including cases assigned

to different judges. *Investors Research Co. v. U.S. District Court*, 877 F.2d 777, 777 (9th Cir. 1989).

Class actions present unique and complex challenges that require organization and case management to protect the interests of Plaintiffs and the putative class members. Consolidating the Related Actions and appointing Interim Co-Lead Class Counsel at the earliest practicable time promotes judicial economy and facilitates the allocation of tasks and responsibilities needed to keep the litigation organized and efficient. Rule 23(g)(3) expressly permits the Court to designate interim counsel to act on behalf of a putative class before deciding whether to certify the action.

**A. The Court Should Consolidate the Related Actions**

The Related Actions should be consolidated into a unified action for pretrial proceedings. This consolidation and the proposed leadership structure will promote judicial efficiency and reduce duplication in discovery and litigation, as the cases arising from the Data Breach involve common issues of fact and law. Consolidating these actions will not prejudice or confuse the parties or members of the proposed classes. Trial arrangements may be addressed as the litigation develops.

**i. The Related Actions Are Pending in the Same Court**

*Brigando* is the earliest-filed and lowest-numbered case among the Related Actions currently pending in the United States District Court for the Southern District of California. As such, this consideration weighs in favor of consolidating the Related Actions into *Brigando*. Moving Plaintiffs request that any necessary assignment coordination proceed under Civil Local Rule 40.1(e), (f), and (j), and that the consolidated proceeding be captioned *In re Dexcom, Inc. Data Breach Litigation*.

**ii. The Related Actions Share Common Parties**

Dexcom, Inc. is the only defendant. While the Related Actions have different named plaintiffs, all nine cases are putative class actions that seek to represent

overlapping groups of individuals against a common defendant. As such, this consideration supports consolidation.

**iii. The Related Actions Share Common Facts and Law**

Because the Related Actions present numerous common issues of fact and law, this Court should consolidate them. The Related Actions make similar allegations against the same Defendant surrounding the same alleged cyberattack. Common questions include how the incident occurred, what information was affected, whether Defendant maintained reasonable safeguards, what representations and obligations governed its handling of Private Information, and what injuries and remedies arise from the alleged conduct. These questions will require substantially overlapping documents, witnesses, and discovery.

The Related Actions seek the same or similar relief, including damages and relief directed to Defendant's information-security practices. Differences in the named plaintiffs' circumstances and particular causes of action do not eliminate the common questions. Finally, the Related Actions are in the same early procedural posture. Therefore, judicial efficiency will be promoted by consolidation. *See Banda v. Integrated Specialty Coverages, LLC*, No. 3:25-cv-01741-JO-DDL, ECF No. 10 (S.D. Cal. Sept. 5, 2025) (consolidating related data-breach actions for pretrial proceedings).

**iv. The Related Actions Should Be Consolidated to Reduce Costs and Delay**

Here, each case is in its infancy. Consolidation of Plaintiffs' claims into one action for pretrial proceedings is appropriate to avoid duplicative efforts and potentially conflicting rulings. Allowing these cases to proceed as separate matters would consume judicial resources with no countervailing benefit to the proposed classes. Indeed, separately litigating the Related Actions would result in substantially similar discovery requests and duplicative motions practice and would present the risk of conflicting rulings. Consolidation will further the convenience of the parties and

witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice.

Moving Plaintiffs request consolidation of the nine identified actions. Any additional related action will be addressed through the continuing notice obligation under Civil Local Rule 40.1(f) and an appropriate subsequent order.

**B. The Court Should Appoint Interim Co-Lead Class Counsel and an Executive Committee**

To avoid inefficiency, duplication of effort, and possible prejudice to the parties, and consistent with the interests of justice, Mr. Coelho, Ms. Roman, Mr. Litke, and Mr. Nelson seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3). Here, as discussed above, the Related Actions currently pending overlap substantially. Moving Plaintiffs seek appointment of the four proposed Co-Leads to direct the consolidated action, with assistance from Mr. Edelsberg, Mr. Berry, Mr. Lechtzin, and Ms. Cardoso as members of an Executive Committee.

The Advisory Committee's Note to the 2003 amendments to Rule 23 explains that designation of interim counsel may be appropriate before certification because counsel must prepare for the certification decision, conduct necessary discovery, address motions, and potentially discuss settlement. See Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Rule 23(g)(1)(A) identifies four considerations for appointment of class counsel: (1) counsel's work identifying or investigating potential claims; (2) counsel's experience handling class actions, other complex litigation, and the types of claims asserted; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Courts consider these factors in selecting interim counsel under Rule 23(g)(3). *See Rubenstein v. Scripps Health*, No. 21-cv-01135-GPC-MSB, 2021 WL 4554569 (S.D. Cal. Oct. 5, 2021), ECF No. 12 at 4–5. The Court

may also consider other matters bearing on counsel's ability to fairly and adequately represent the class. Fed. R. Civ. P. 23(g)(1)(B), (g)(4).

The potential size and scope of this litigation further support the proposed leadership structure. The proposed class may number in the millions.[1] Identifying affected individuals and the information involved, reviewing records across Dexcom's products and services, and coordinating discovery, class-member communications, and expert analysis will require substantial parallel work and the need for a clear leadership structure.

The Related Actions also present overlapping claims that call for different areas of expertise. *Hunter* proposes a nationwide consumer class and an Oregon subclass, and seeks relief for purchasers' alleged overpayment for products that did not deliver the reasonably protected data-sharing functionality for which they paid. *Hunter*, ECF No. 1 ¶¶ 78, 80–85, 90. *Spruell* proposes a broader class of individuals whose Private Information was compromised and includes allegations concerning consumers and employees. *Spruell*, ECF No. 1 ¶¶ 3, 84. Developing these claims will require technical investigation, analysis of privacy and consumer-protection laws and choice-of-law issues, and development of product, pricing, and damages evidence. Evaluating potential additional subclasses and preparing class-certification proof will require coordinated legal and factual work across those areas.

Courts within the Ninth Circuit have approved similar leadership structures in consolidated class actions. *See Scott v. Salesforce, Inc.*, No. 3:25-cv-07232-JSC, ECF No. 67 at 1–3 (N.D. Cal. Feb. 11, 2026) (appointing three interim co-lead counsel and a six-member executive committee); *In re PayPal Honey Browser Extension Litig.*, No. 5:24-cv-09470-BLF, ECF No. 131 at 2–3 (N.D. Cal. Mar. 25, 2025); *Owens v.*

---

1 DexCom, Inc., 2024 Annual Report, "To Our Stakeholders" (filed Mar. 27, 2025) (reporting approximately 2.8–2.9 million users globally at year-end 2024).

*MGM Resorts Int'l*, No. 2:23-cv-01480-RFB-MDC, ECF No. 55 at 3–5 (D. Nev. Oct. 21, 2024).

**i. Proposed Interim Co-Lead Class Counsel Have Performed Work Investigating This Action**

Wilshire Law Firm, PLC, Strauss Borrelli PLLC, Levi & Korsinsky, LLP, and Milberg, PLLC have performed work that will be valuable to the proposed classes as the case moves forward. This work includes investigating the Data Breach and its reported consequences, reviewing public information, researching viable legal theories and possible defenses, and preparing the complaints. Counsel have also conferred concerning coordination of the Related Actions and the proposed leadership structure. The proposed Co-Leads will coordinate the continued investigation, client communications, and development of claims so that this work benefits the consolidated proceeding and avoids unnecessary duplication.

**ii. Mr. Coelho Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel**

Mr. Coelho has significant experience as a class action litigator, and should the Court decide that consolidation and appointment of interim class counsel is appropriate, Mr. Coelho's extensive class action experience makes him well qualified to be appointed as interim class counsel. He is the head of Wilshire Law Firm's consumer class actions department and has access to over 600 employees, including 100 attorneys, in eight offices throughout California. Wilshire has been named a "Best Law Firm" by U.S. News & World Report and Best Lawyers Best Law Firms every year from 2020 through 2026. Wilshire has never taken a loan or an advance to fund any of its class action cases.

Mr. Coelho has been selected by Super Lawyers as a "Southern California Rising Star" every year since 2022. He was also selected as a "Top 40 Under 40 Civil Plaintiff" attorney, "Top 25 Class Action" attorney, "Top 10 Data Privacy" attorney,

and "Top 10 Wage & Hour" attorney by The National Trial Lawyers. He has served as President of The Data Privacy Trial Lawyers Association – Top 10, an invitation-only professional organization composed of the Top 10 attorneys from each state or region who exemplify qualifications of leadership, reputation, influence, and performance in data privacy litigation. In 2024, Mr. Coelho was awarded the Daily Journal's California Lawyer Attorney of the Year ("CLAY") Award. He is the Vice Chair of the Los Angeles County Bar Association's Privacy and Cybersecurity Section and serves as a Trustee At-Large on the Board of Trustees of the Los Angeles County Bar Association.

He has extensive experience in all aspects of class litigation, including class certification, trial, and appeal. He has litigated and resolved more than 300 cases, including many high-profile matters. Some of his notable results are outlined below.

He served as lead counsel in *Moore v. Centrelake Medical Grp*. (2022) 83 Cal.App.5th 515, a data breach class action, where the Court of Appeal reversed the trial court's judgment sustaining the defendant's demurrer, in part, because the plaintiff's loss of benefit of the bargain was deemed a sufficient injury for UCL standing. (*Id*. at pp. 527-530.) This case has been cited more than 370 times. He serves as lead counsel in *Bland v. Urology of Greater Atlanta, LLC* (Ga.Ct.App. 2025) 377 Ga.App. 177, where the Georgia Court of Appeals reversed dismissal of negligence, implied-contract, implied-covenant, and injunctive-relief claims in a healthcare data breach class action. He also serves as lead counsel in *Freeman, et al. v. 3Commas Technologies OÜ* (9th Cir. Mar. 2, 2026, No. 24-6158), where the Ninth Circuit reversed the district court's personal jurisdiction dismissal of a data security class action involving an AI-enabled cryptocurrency trading platform. He served as lead counsel in *Mier v. CVS Health* (9th Cir. July 28, 2023, No. 22-55665), 2023 WL 4837851, where he obtained Rule 23(f) review, resulting in partial vacatur and remand of the denial of class certification.

Mr. Coelho worked to achieve the $49.995 million cash settlement in *Head v. Regal Medical Group, Inc.*, Case No. 23STCV02939 (Super. Ct. Cal. Los Angeles Cnty.). He served as lead counsel in *Schumacher v. Bank of Hope*, Case No. 18STCV02066 (Super. Ct. Cal. Los Angeles Cnty.), a bank data breach action that resulted in a $13.3 million settlement; served as co-lead counsel in the $3.5 million settlement in the data breach in *Lowrey, et al., v. Community Psychiatry Management, LLC*, Case No. 24STCV30135 (Cal. Super. Ct. L.A. Cnty); served as lead counsel in *Peters v. Apple, Inc.*, (Los Angeles Superior Court) Case No. 19STCV21787 which resulted in a $25 million cash payment.

Courts have also appointed Mr. Coelho to leadership in data breach cases across the country. He was appointed lead counsel in the data breach case *Serrano v. Inmediata Corp*., Case No. 3:19-cv-01811-JAG (D.P.R.); co-lead in the data breach in *Mendoza v. Crystal Bay Casino, LLC*, Case No. 3:23-cv-00092-MMD-CLB (D. Nev.); he is appointed to the leadership in a data breach involving over 90 defendants and over 93 million consumers impacted in *In re MOVEit Customer Data Sec. Breach*, No. 1:23-md-03083 (D. Mass.); appointed co-lead counsel in the data breach in *Widby v. Last Frontier Healthcare District*, Case No.: CU-26-010 (Super. Ct. Cal. Modoc Cnty.); appointed co-lead counsel in the data breach in *In Re 1LIFE Healthcare*, Case No. 3:26-cv-06142-RFL (N.D. Cal.); appointed co-lead counsel in *In re NYC Health + Hospitals Data Breach Litigation*, Case No. 1:26-cv-04265-DEH-OTW (S.D.N.Y.); among others.

Mr. Coelho was also one of the attorneys representing the group of 710 women who opted out of the USC Dr. Tyndall's class settlement, *In Re: USC Student Health Center Litigation*, No. 2:18-cv-0425. The case settled for $852 million dollars, which represented at the time as the largest sexual abuse pay-out in higher education history. Mr. Coelho is also appointed as Plaintiffs' Steering Committee in the Eaton Fire Litigation, *Gursey v. Southern California Edison Co*., Lead Case No. 25STCV00731

(Super. Ct. Cal. Los Angeles Cnty.), arising from the second-most destructive wildfire in California history. Mr. Coelho is one of the few attorneys in California who has tried class actions to verdict in California.

In addition to his litigation experience, Mr. Coelho serves on the Data Breach Committee of the Consumer Attorneys of California (CAOC), which works to refine and draft legislation aimed at modernizing data breach and related privacy laws, including drafting portions of the California Legislature in support of the landmark California Consumer Privacy Act of 2018and the California Privacy Rights Act of 2020. Aside from his legal expertise, Mr. Coelho is also a Certified Ethical Hacker (CEH), which complements his litigation experience and strengthens his ability to assess the technical issues underlying data breach claims.

Wilshire Law Firm has substantial experience handling class actions and other complex litigation, including data privacy class actions such as this. Wilshire is prepared to commit the attorney time, staffing, and financial resources necessary to aggressively prosecute this action through trial and appeal.

Wilshire regularly litigates matters to trial and is ready and willing to do so here. The firm has recovered more than $3 billion dollars for its clients since 2007. In 2025 alone, Wilshire recovered over $700 million in settlements and verdicts. Some of Wilshire law firm's other notable verdicts include a $50.5 million dollar verdict, $28.7 million dollar verdict, and a $27 million dollar verdict, among others.

If appointed, Wilshire Law Firm will also implement protocols to ensure this matter is litigated efficiently.

**iii. Ms. Roman Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel**

Ms. Roman is an attorney at Strauss Borrelli PLLC, a premier civil litigation team comprised of twelve attorneys focused on representing groups of individuals who have been harmed by corporate misconduct. Strauss Borrelli regularly represents

clients in cases involving data misuse, illegal telemarketing, unfair employment practices, privacy intrusion, and defective products. Through its work in complex litigation across the country, Strauss Borrelli has recovered hundreds of millions of dollars for its clients and helped drive meaningful legal reforms.

Carly Roman is an attorney duly admitted to practice law in California, Illinois, and Arizona. Ms. Roman received her J.D. with High Honors from the University of New Hampshire Franklin Pierce School of Law in 2019. Ms. Roman is a highly skilled litigator and passionate advocate for consumer rights, having participated in numerous oral arguments and conducted dozens of depositions. Ms. Roman began working for Strauss Borrelli in February 2025, where she is a member of the Data Breach litigation team. She is litigating dozens of data breach cases around the country, and has also served or is serving as court appointed co-lead counsel in California and Arizona data breach cases including: *Fongaro et al. v. JRK Property Holdings, Inc.*, No. 2:26-cv-04213 (C.D. Cal.) (appointed co-lead counsel); *In re United Education Institute d/b/a UEI College Data Breach Litigation,* No. 8:26-cv-01448 (C.D. Cal.) (appointed co-lead counsel); *Glaze v. Ottno Inc. d/b/a National Auto Loan Network, Inc.,* No. 8:26-cv-00273 (C.D. Cal.) (appointed co-lead counsel); *In re Ingram Micro Data Breach Litig.,* 2:25-cv-06301 (C.D. Cal.) (appointed co-lead counsel); *Ezell v. Valley Radiology Consultants Medical Group, Inc.,* No. 26CU012141C (Cal. Sup. Ct., San Diego Cty.) (appointed co-lead counsel); *Orrantia et al. v. S.V.D.P. Management, Inc.,* 25CU049304C (Cal. Sup. Ct., San Diego Cty.) (appointed co-lead counsel); *Hastings et al. v. Mirage Endoscopy Center, LLC,* No. CVRI2604182 (Cal. Sup. Ct., Riverside Cty.) (appointed co-lead counsel); *Davenport et al. v. LA Financial Federal Credit Union,* No. 24STCV24021(Cal. Sup. Ct., Los Angeles Cty) (appointed settlement class counsel); *Keller v. System Pavers,* No. 30-2025-01477814-CU-BT-CXC (Cal. Sup. Ct., Orange Cty.) (appointed

settlement class counsel); *Rast v. Fitzgerald Wealth Management, LLC*, No. CV2025-024424 (Az. Super. Ct., Maricopa Cty) (appointed settlement class counsel).

In addition to her robust data breach practice, Ms. Roman is also litigating a variety of class action consumer protection cases, including cases brought under the TCPA and California's Junk Fee statute. As her firm resume indicates, Strauss Borrelli PLLC has the resources and the experience to see this litigation through to its conclusion, including trial.

**iv. Mr. Litke Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel**

Tyler A. Litke practices in Levi & Korsinsky, LLP's Consumer Protection Group. He represents consumers in class actions and mass arbitrations involving data breaches, false advertising, deceptive marketing, product defects, and unfair business practices. Before joining Levi & Korsinsky, he represented both plaintiffs and defendants in complex litigation and class actions involving product liability, securities fraud, environmental and toxic-tort claims, and consumer protection. His experience extends from the outset of litigation through trial in state and federal courts. Mr. Litke received his J.D. from Loyola University Chicago School of Law in 2018 and his B.A. from the University of Texas at Austin in 2014, and is admitted in Illinois and New York.

Levi & Korsinsky has experience in both data-security litigation and claims concerning the value and performance of consumer products. Its representative matters include service as interim class counsel in *In re Citrix Data Breach Litigation*, No. 19-cv-61350-RKA-PMH (S.D. Fla.), and as co-lead counsel in *Kholyusev v. Welfare & Pension Administration Service, Inc.*, No. 22-2-04152 (Wash. Super. Ct.). The firm also served on the Plaintiffs' Executive Committee in *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.). The firm's litigation

resources include financial experts, investigators, support personnel, and technology for discovery.

Courts have also appointed Mr. Litke personally as interim co-lead class counsel in recent data-breach actions, including *In re Diana Health Data Breach Litigation*, No. 1:26-cv-07535-LJL, ECF No. 12 ¶ 4 (S.D.N.Y. Sept. 29, 2026), and *Douglas v. Innovative Scientific Solutions LLC*, No. 6:26-cv-01815-TMC, ECF No. 14 (D.S.C. June 2, 2026). Levi & Korsinsky's firm résumé, including Mr. Litke's qualifications, is submitted as Exhibit C.

Levi & Korsinsky represents Plaintiff Richard Lovell. Mr. Litke will contribute the firm's investigation, legal analysis, and work product to the consolidated litigation. His consumer-protection and data-breach experience will complement the experience of the other proposed Interim Co-Lead Class Counsel and assist in the efficient prosecution of these claims.

**v. Mr. Nelson Has Relevant Experience and Knowledge of the Applicable Law and Is Qualified to Serve as Interim Co-Lead Class Counsel**

John J. Nelson is a partner at Milberg PLLC whose practice focuses on consumer protection, data-breach, cybersecurity, and privacy class actions and complex litigation on behalf of plaintiffs. He has been licensed in California since 2017 and is admitted to practice in all four federal district courts in California. His court-appointed co-lead roles include *In re: Navia Benefit Solutions, Inc. Data Breach Litigation*, No. 2:26-cv-00909 (W.D. Wash.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel);

Mr. Nelson also serves on the Plaintiffs' Steering Committee in this District's *In re PowerSchool Holdings, Inc. and PowerSchool Group, LLC, Customer Data*

*Security Breach Litigation*, No. 25-md-3149-BEN-MSB. His healthcare data-breach experience includes service as class counsel in *In re City of Hope Data Security Breach Litigation*, No. 24STCV09935 (Cal. Sup. Ct. for Los Angeles Cty.); *Franchi v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Super. Ct., Los Angeles Cnty.); and *Bustos v. Riverside Medical Clinic*, No. CVRI2203466 (Cal. Super. Ct., Riverside Cnty.). Beyond privacy litigation, he was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

Mr. Nelson brings the support of Milberg, which has represented plaintiffs in complex class actions since its founding in 1965. The firm has served as lead counsel, co-counsel, or class counsel in numerous class actions involving consumer protection, securities, financial services, product liability, and data privacy. Its experience includes litigation in state and federal courts and appellate work through the United States Supreme Court. Milberg's firm résumé is attached as Exhibit D.

Mr. Nelson's experience includes appointments in data-breach litigation and service in coordinated leadership structures. This District recently appointed Mr. Nelson as interim class co-counsel in *Banda* after considering the Rule 23(g) factors. *Banda*, ECF No. 10. His data-privacy and consumer class-action experience will assist in the efficient prosecution of the consolidated proceedings here.

**vi. The Proposed Executive Committee Will Assist Interim Co-Lead Class Counsel**

Moving Plaintiffs propose appointment of Scott Edelsberg, M. Anderson Berry, Eric Lechtzin, and Kristen Lake Cardoso to an Executive Committee. Their relevant experience is summarized below.

**Scott Edelsberg — Edelsberg Law, P.A.**

Scott Edelsberg is the founding partner of Edelsberg Law, P.A., where he concentrates his practice on complex litigation, with a focus on class actions, consumer fraud, and securities matters. His extensive experience representing both plaintiffs and defendants provides him with a comprehensive understanding of litigation strategy and a distinct advantage when advocating on behalf of consumers harmed by corporate misconduct.

Mr. Edelsberg has litigated class actions in state and federal courts across the country, and has extensive experience with multi-district litigation proceedings. He has successfully obtained more than 10 contested class certification orders, defeated dispositive motions, managed complex discovery involving large datasets, and collaborated with leading experts in economics and information technology to develop sophisticated damages models. His work has led to numerous favorable class-wide settlements, securing millions of dollars in relief for consumers nationwide. Most recently, Mr. Edelsberg and his team have secured notable settlements in the insurance arena: *Volino*, No. 21 Civ. 6243, ECF No. 400 (S.D.N.Y. Mar. 7, 2025); (granting final approval to class settlement securing $48 million for class members, representing over 50% of their actual damages); *Brown*, No. 3:2021-cv-00175, ECF No. 246 (N.D. Ga. Feb. 18, 2025) (granting final approval to class settlement secure $43 million for class members, representing nearly 40% of their actual damages); *South*, Nos. 19-cv-21760, ECF No. 291 (Mar. 31, 2023) (granting final approval to class settlement secure $38

million for class members); *Ubillus*, No. 19-000741-CK (Mich Cir. Ct. Nov. 21, 2024) (granting final approval to class settlement secure $61 million for class members).

Edelsberg Law, P.A.'s firm résumé is attached as Exhibit E.

**M. Anderson Berry — Emery | Reddy, PC**

M. Anderson Berry is a partner at Emery | Reddy, PC and heads its Complex Litigation and Privacy Rights Department. His practice includes privacy litigation and consumer and government fraud. Before joining Emery | Reddy, he led the complex litigation department at Clayeo C. Arnold, APC for eight years. He previously served in the Affirmative Civil Enforcement unit of the United States Attorney's Office for the Eastern District of California, handling complex civil matters and working with federal and state enforcement agencies. Earlier, he practiced at Jones Day in international arbitration and complex commercial litigation, including class action defense.

Mr. Berry has handled more than one hundred class actions involving data breaches and other privacy matters. His leadership experience includes service on the executive committees in *In re PowerSchool Holdings, Inc. and PowerSchool Group, LLC, Customer Security Breach Litigation*, No. 25-md-3149-BEN-MSB (S.D. Cal.), and *In re Sequoia Benefits and Insurance Data Breach Litigation*, No. 3:22-cv-08217-RFL (N.D. Cal.), and as co-lead counsel in *In re Avis Rent A Car System, LLC Security Incident Litigation*, No. 2:24-cv-09243-JXN (D.N.J.). Emery | Reddy's complete firm résumé is attached as Exhibit F.

**Eric Lechtzin — Edelson Lechtzin LLP**

Eric Lechtzin is a managing partner of Edelson Lechtzin LLP, and his practice focuses on consumer protection, securities fraud, and ERISA retirement plan class actions. Prior to forming Edelson Lechtzin LLP in early 2020, Mr. Lechtzin was a Shareholder at Berger Montague PC.

Mr. Lechtzin has served as the Pennsylvania State Chair for the National Association of Consumer Advocates since 2017. Mr. Lechtzin's class action leadership positions include his appointment to the Plaintiffs' Executive Committee in the multidistrict class action, *In re Class Action Settlement Administration Litigation,* MDL No. 3162 (D.D.C.) (class action alleging settlement administrators received illegal kickbacks from fintechs and banks). Mr. Lechtzin leadership recent positions also include *In re Nikon Tariff Refund Litigation*, Case No. 2:26-cv-04940 (GRB)(JMW) (E.D.N.Y.); *Melchior, et al. v. Vagnozzi, et al.*, No. 20-cv-05562-MRP (E.D. Pa) ($38 million settlement; approximately 95% of investor losses); Branson v. Alliance Coal, LLC, et al., No. 4:19-cv-00155-JHM-HBB (W.D. Kentucky) ($15.25 million settlement of wage and hour claims); *Ouyang v. Star Peak Sponsor LLC*, No. 2024-0302 (Del. Ch. Ct.) ($5.25 million settlement of direct claims for breach of fiduciary duties against sponsors of SPAC); *Hundley v. Henry Ford Health System*, No. 2:21-cv-11023-SFC-EAS (E.D. Mich.) ($5 million ERIAS settlement); *Gotta v. Stantec Consulting Servs. Inc.*, No. CV-20-01865-PHX-GMS (D. Ariz. 2024) ($2 million ERISA settlement); *Moler v. Univ. of Maryland Med. Sys*., No. 1:21-CV-01824- (D. Md.) ($3.25 million ERISA settlement); and *Parker v. GKN N. Am. Servs., Inc.*, No. 21-12468 (E.D. Mich.) ($2.95 million ERISA settlement).

Edelson Lechtzin represents consumers in class actions involving data security, defective products, and contractual and warranty obligations. Its data breach experience includes matters involving Harvard Pilgrim, Independent Living Systems, Johns Hopkins, and Affiliated Dermatologists. Edelson Lechtzin attorneys have held lead, co-lead, executive committee, and class counsel positions in numerous data breach cases across the country. The firm's complete résumé, including Mr. Lechtzin's individual qualifications and the firm's class action experience, is attached as Exhibit G.

**Kristen Lake Cardoso — Kopelowitz Ostrow P.A.**

Ms. Cardoso is Co-Chair of KO's Cybersecurity Department. She currently serves as counsel in nationwide and statewide class action lawsuits concerning data breaches, as well as violations of state consumer protection statutes, false advertising, defective products, and breaches of contract. She has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts. She also has tried numerous cases at the state court level.

KO is counsel of record in approximately 100 pending data breach and data privacy cases. Ms. Cardoso has been appointed and served as class counsel in many of those cases, including: *Sankar v. California Northstate University, LLC*, No. 2:24-cv-00473 (E.D. Cal.) (appointed co-lead counsel); *Hartley v. Cloudinary, Inc. et al.*, No. 3:26-cv-03202-VC (N.D. Cal.) (appointed interim lead counsel); *In re KYL Data Security Litigation*, No. 2:24-cv-10406-MEMF-JC (C.D. Cal.) (appointed co-lead counsel); *Mazmanian v. LCPTracker, Inc.*, No. 8:24-cv-02701-JAK-DFM (C.D. Cal.) (appointed co-lead counsel); *In re: North American Breaker Co. Data Security Litigation*, No. 8:25-cv-00402 (C.D. Cal.) (appointed co-lead counsel); *In re American Association of Critical Care Nurses Breach Litig.*, No. 8:25-cv-02027 (C.D. Cal.) (appointed interim co-lead counsel); *In re The Oncology Institute of Hope and Innovation Patient Safety Organization, LLC*, No. 2:24-cv-10819 (C.D. Cal.) (appointed interim co-lead counsel); *Tucker v. LGAA, LLC*, No. 4:25-cv-00135-TC DBP (D. Utah) (appointed interim co-lead counsel); *Machado v. CR&R Incorporated*, No. 30-2025-01450762 (Orange County, CA) (appointed lead counsel); *Crosslin v. DAP Health, Inc.*, No. CVRI2500186 (Riverside County, CA) (appointed co-lead

counsel); *Toth et al. v. Payactiv, Inc.*, No. CACE26005865 (Broward County, FL) (appointed interim co-lead counsel); *Cirillo v. Physicians' Primary Care of Southwest Florida P.L.*, No. 24-CA-007737 (Lee County, FL) (appointed co-lead counsel); *Maricle v. South State Bank N.A.*, No. 2024CA-002530-0000-00 (Polk County, FL) (appointed co-lead counsel); *Lepore, et al. v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Morris County, NJ) (appointed co-lead counsel). Ms. Cardoso was also appointed to the School District Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No.: 25-md-3149-BEN-MSB.

In addition to her personal qualifications, Ms. Cardoso brings the support and resources of KO to this case on behalf of the putative class. Established in 1997, South-Florida based KO is one of the leading class-action lawsuit firms in the United States. KO has handled class actions in state and Federal courts throughout the country. Three notable cases in which KO is part of the leadership structure, all among the largest currently pending, include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals, where KO is Co-Lead Counsel for Plaintiffs; *Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), an MDL involving six million individuals, where KO is MDL Co-Lead Counsel; and *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), affecting eleven million people, where KO is on the Plaintiffs' Executive Committee. KO is also Liaison Counsel in *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (S.D. Fla.) and on the Executive Committee in *Doe v. Highmark, Inc.*, No. 2:23cv-00250-NR (W.D. Pa.), to name a few.

In addition to data privacy and cybersecurity class actions, KO's attorneys are also regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving unlawful bank fees,

antitrust, product liability, false advertising, insurance, and other consumer protection violations. KO is currently co-lead counsel in *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), which is one of the largest mass tort and class actions in MDL history. For the past 13 years, KO has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), another large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and as Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) helping our clients recover $100 million and $26 million, respectively. To date, these efforts have resulted in the resolution of more than 150 class cases totaling billions of dollars for class members. In many of those settlements, KO secured monumental and meaningful industry-altering practice changes collectively worth billions of dollars. A copy of the KO resume, which includes additional information about Ms. Cardoso and her firm, is attached hereto as Exhibit H.

The Executive Committee will perform substantive work assigned by Co-Lead Counsel, including investigation and client interviews; development of consumer, purchase, and damages records; targeted legal research; document review and other discovery; and expert preparation. Co-Lead Counsel will coordinate strategy and supervise these assignments, distributing work among counsel according to their experience and the needs of the litigation as they develop. This arrangement permits technical, consumer, and state-law work to proceed concurrently while maintaining consistent positions and avoiding unnecessary duplication.

The Court's decisions emphasize that a committee must serve the needs of the litigation and promote efficiency. *See Scripps*, ECF No. 12 at 6–7 (declining to appoint a committee where the proposed functions duplicated lead counsel's responsibilities). Here, the potential class size and the range of technical, consumer, and state-law issues create a need for substantive assistance with distinct portions of the work. Co-Lead Counsel will assign and supervise those tasks, integrate the results into common pleadings and litigation positions, and coordinate staffing to prevent redundant effort. Particular assignments will remain subject to Co-Lead Counsel's direction and the Court's continuing supervision.

**vii. Resources That Proposed Interim Counsel Have and Will Commit to Representing the Classes Support Their Appointment**

The final Rule 23(g)(1)(A)(iv) factor, which concerns the resources that counsel will commit to the case, also supports the proposed appointments. The proposed Co-Leads' firms are established law firms with experience and personnel suited to litigation of this kind. Their combined resources and knowledge of class-action practice will benefit Plaintiffs and the proposed class members.

Proposed Interim Co-Lead Class Counsel have begun investigating and developing these claims and are prepared to commit the resources required to prosecute this matter. They will continue to staff the litigation with experienced attorneys and supporting personnel as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and prepare for trial. The Executive Committee will provide additional assistance as assigned by Co-Lead Counsel.

Counsel will coordinate work assignments and staffing to avoid unnecessary or duplicative effort, maintain appropriate time and expense records, and coordinate expert engagements and common expenses. Co-Lead Counsel will consult with other plaintiffs' counsel as appropriate and remain responsible for the fair and adequate

representation of the proposed classes. All appointments will remain subject to the Court's supervision and this District's admission requirements.

**V. CONCLUSION**

For the reasons set forth above, Moving Plaintiffs respectfully request consolidation of the Related Actions for pretrial proceedings and appointment of Thiago M. Coelho, Carly M. Roman, Tyler A. Litke, and John J. Nelson as Interim Co-Lead Class Counsel, with Scott Edelsberg, M. Anderson Berry, Eric Lechtzin, and Kristen Lake Cardoso of Kopelowitz Ostrow P.A. serving on the Executive Committee. Moving Plaintiffs further request that the Court enter an initial schedule for the filing of a consolidated complaint and Defendant's response. Moving Plaintiffs propose the following schedule:

1. Moving Plaintiffs shall file a consolidated complaint no later than 30 days following entry of an order consolidating the Related Actions and appointing interim leadership; and

2. Defendant shall answer or otherwise respond to the consolidated complaint no later than 30 days following service of the consolidated complaint, unless otherwise ordered. Any motion shall be briefed in accordance with the applicable rules and the Court's orders.

Upon entry of the consolidation order, Moving Plaintiffs request that Defendant be relieved of the obligation to respond separately to the individual complaints that will be superseded by the consolidated complaint. Existing obligations remain in effect unless and until modified by the Court.

Date: October 30, 2026

**STRAUSS BORRELLI PLLC**

By: /s/ Carly Roman
Carly Roman (SBN 349895)
Andrew Gerald Gunem (SBN 354042)
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com
agunem@straussborrelli.com

*Attorneys for Plaintiffs Peter Brigando, Jr. and Patricia Sims*

**WILSHIRE LAW FIRM, PLC**

By: /s/ Thiago M. Coelho
Thiago M. Coelho (SBN 324715)
Brian Ellsworth (SBN 326756)
660 S. Figueroa St., Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
ThiagoCoelhosTeam@wilshirelawfirm.com
brian.ellsworth@wilshirelawfirm.com

*Attorneys for Plaintiff Mark Allen Hunter*

**LEVI & KORSINSKY, LLP**

By: /s/ Jason M. Ingber
Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010
Telephone: (213) 805-8373
jingber@zlk.com

*Attorney for Plaintiff Richard Lovell*

**EDELSBERG LAW, P.A.**

By: */s/ Scott Edelsberg*
Scott Edelsberg (SBN 330990)
1925 Century Park E, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorney for Plaintiff Yuriy Loginov*

**KOPELOWITZ OSTROW P.A.**

By: */s/ Kristen Lake Cardoso*
Kristen Lake Cardoso (SBN 338762)
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
cardoso@kolawyers.com

*Attorney for Plaintiff Amanda Slepr*

**EMERY | REDDY, PC**

By: */s/ M. Anderson Berry*
M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Jackson Stephens (SBN 363446)
333 University Ave, Suite 200
Sacramento, California 95825
Telephone: (916) 823-6955
Facsimile: (206) 441-9711
anderson@emeryreddy.com
gregory@emeryreddy.com
jackson@emeryreddy.com

*Attorneys for Plaintiff Donovan Hart*

**EDELSON LECHTZIN LLP**

By: *<u>/s/ Eric Lechtzin</u>*
Eric Lechtzin (SBN 248958)
411 S. State Street, Suite N-300
Newtown, Pennsylvania 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

*Attorney for Plaintiff Nikia Rigney*

**MILBERG PLLC**

By: *<u>/s/ John J. Nelson</u>*
John J. Nelson (SBN 317598)
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, California 90212
Telephone: (858) 209-6941
jnelson@milberg.com

*Attorney for Plaintiff Lee Spruell*

# **CERTIFICATE OF SERVICE**

I, Carly Roman, hereby certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, via the ECF system.

DATED this 30th day of October, 2026.

STRAUSS BORRELLI PLLC

By: */s/ Carly Roman*

Carly Roman
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com